1  NED LYNCH--CA ST. BAR NO. 149680
   Attorney At Law
2  110 West C Street, Suite 1407
   San Diego, CA 92101
3  Telephone: 619-525-0081

4  Attorney for the Material Witness

## United States District Court

## Southern District of California

(Hon. Nita L. Stormes)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08CR1455BEN(NLS) |
| Plaintiff, ) | **Declaration Of Attorney Ned Lynch In Support Of The Material Witness' Motions For Videotape Deposition And For His Release From Custody** |
| v. ) | |
| ARA E. AVETYANTS, ASHOT BARSEGIAN,) and ARSEN GRISHAI MOTIVOSYAN, ) | Date: June 12, 2008 |
| Defendant(s). ) | Time: 9:30 a.m. |
| | Judge: Nita L. Storme |
| | Room: F |

I, Ned Lynch, declare:

1. I am an attorney licensed to practice law in the State of California and before the United States District Court for the Southern District of California.

2. On April 29, 2008 I was appointed to represent material witness Ara Hakobyan [the "Material Witness"] in this case. As a material witness attorney one of my primary responsibilities is to help arrange for the release of the material witness from custody as soon as possible. The Material Witness is being held in custody by the U.S. Marshal, with an additional detention hold on him by U.S. immigration authorities. To that end, I promptly conducted an interview with the Material Witness to explain why he was being held and under what conditions he could be released. In most alien smuggling cases such as this one the material witness is released by having a personal surety post a court-approved appearance bond of $5,000, and for the surety or family of the witness to also satisfy any other release conditions that are imposed by

1  U.S. immigration authorities.

2  3. The court set the bond amount at $30,000 for the Material Witness, and the Department of
3  Homeland Security will not permit the Material Witness to be released from its custody even if the court
4  bond is posted. Therefore, the Material Witness is essentially being held in custody without bail, and he will
5  continue to be held indefinitely unless his videotaped deposition is taken and he is released from custody to
6  be permitted to return to his home country. By the time this motion will be heard the Material Witness will
7  be in custody nearly 7 weeks (since April 26, 2008).

8  4. The Material Witness informed me his detention is imposing an emotional, mental, and
9  economic hardship on him and his family. He has not been charged with any crime relating to this case. He
10 has a wife and two minor children that rely on him for support. His wife and children are living as refugees
11 in another country, not their homeland. The Material Witness has made a claim for asylum in the U.S., and
12 the longer he stays in custody as a material witness, the longer he is unable to resolve his asylum claim and
13 provide for his family as refugees in a foreign land. Thus, the lengthy and indefinite nature of the Material
14 Witness' detention is causing him and his family a lot of stress, anxiety, worry, and economic hardship.

15 5. I am not aware of any reason in this case why the testimony of the Material Witness cannot
16 be secured adequately by a videotaped deposition, nor am I aware of any reason why he should not be
17 released from this case once the deposition is concluded.

18 6. The Material Witness is willing to testify about the facts he knows relating to this case if he
19 is granted immunity from prosecution, and perhaps even if he is not. There are only a few facts relevant to
20 this case which the witness is competent to testify about--facts that are material and not cumulative to the
21 proposed testimony of the other witnesses in this case. Specifically, the witness can testify about: (a) his
22 citizenship, (b) who might have transported the witness, and (c) whether the witness agreed to pay anyone.

23 I declare under penalty of perjury under the laws of the United States the above is true and correct
24 to the best of my knowledge.

25

26 Dated: May 18, 2008                    s/Ned Lynch
                                          Ned Lynch, Attorney for the Material Witness
27                                        E-mail: nedlynch@aol.com

28