**KRIS J. KRAUS**
California State Bar No. 233699
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Kris_Kraus@fd.org

Attorneys for Mr. Ashot Barsegian

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 08CR1455-BEN- (NLS) |
| Plaintiff, ) | STATEMENT OF FACTS AND MEMORANDUM OF |
| v. ) | POINTS AND AUTHORITIES IN SUPPORT OF |
| ASHOT BARSEGIAN (2), ) | DEFENDANT'S MOTION |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**

A material witness, identified as Ara Hakobyan, has been unsuccessful in posting bond in this case. Counsel for the material witness filed a motion requesting a video deposition and the release of the material witness to allow for his removal to Armenia. Defense counsel on behalf of Mr. Barsegian objects to the release of this material witness, and requests that the Court either detain this material witness or modify his bond so that he can remain legally in the United States until the trial is over or the case is resolved.

//
//
//
//
//

## II.

## RELEASE OF THE MATERIAL WITNESS IN THIS CASE WOULD VIOLATE MR. BARSEGIAN'S CONSTITUTIONAL RIGHTS

Title 18 U.S.C. § 3144 provides for the arrest and detention of persons who may give testimony material to a criminal proceeding. That statute states:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release <u>if</u> the testimony of such witness can adequately be secured by deposition, and if further <u>detention is not necessary to prevent a failure of justice</u>. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

18 U.S.C. § 3144 (emphasis added). As this Court is aware, 18 U.S.C. § 3142 governs the conditions of release or detention. Thus, where the witness is not able to meet the conditions of release set by the court, e.g., bond, and is detained, the court may order the deposition of the witness where: (1) deposition may secure the testimony of the witness; and (2) further detention is not necessary to prevent a "failure of justice." 18 U.S.C. § 3144.

In this case, although deposition may secure the witness' testimony, the Court must order the continued detention of the material witness to preserve Mr. Barsegian constitutional rights or, in the alternative, set a bond the witness can meet and which would allow them to remain in the United States legally until the case is resolved. Failure by the Court to so order will result in a "failure of justice."

When considering this issue, the Court must balance the interests of the government, the accused, and the material witness. Although the witness has a liberty interest at stake, that interest must give way to Mr. Barsegian constitutional rights. The Court would deny Mr. Barsegian his right to confrontation of the witness[1] and due process of law[2] if it orders the witness released in this case.

The Court must keep in mind that the only reason the government has not charged the witness with a crime is that this illegal alien material witness, who committed a crime by entering the United States is

---

[1] U.S. Const. Amend. VI.

[2] U.S. Const. Amend. V.

1  cooperating with the government and the government wants his testimony against Mr. Barsegian. Needless
2  to say, the government would not concern itself with the witness' liberty interest if in fact this illegal alien
3  material witnesses was not cooperating and had been charged as part of a conspiracy with Mr. Barsegian.
4  Depending on his prior immigration histories, which is unknown to defense counsel at this time because the
5  government has not provided such discovery, this illegal alien material witness could also have been charged
6  under Title 8 U.S.C. § 1325 or 8 U.S.C. § 1326 for his illegal entry into the United States.

**A.  Authorizing the Material Witness' Deposition Facilitates Their Unavailability for Trial in Violation of the Confrontation Clause.**

The Confrontation Clause serves a dual purpose: (1) it allows the accused to test the recollection and the conscience of a witness through cross-examination; and, (2) it allows the jury to observe the process of cross-examination and make an assessment of the witness' credibility. See Maryland v. Craig, 497 U.S. 836, 851 (1990); Ohio v. Roberts, 448 U.S. 56, 63-64 (1980).  In a case such as this, where the witness have received the benefit of the government refraining from pressing criminal charges in return for the witness' testimony against the accused, it is important that the jury see the reaction and demeanor of the witnesses when confronted with questions that will bring out such facts in order for the jury to decide whether to believe the witnesses' statements and how much weight to give their testimony.  The jury will not have the ability to make such an assessment if all it hears or sees is a video-taped deposition because the tape may not preserve subtle reactions of the witness under cross-examination that may favor the accused.

The material witness has not demonstrated that "further detention is not necessary to prevent a failure of justice." See Torres-Ruiz v. United States District Court, 120 F.3d 933, 935 (9th Cir. 1997).  In support of the pending request for a videotaped deposition, counsel for the material witness cites Torres-Ruiz, but does not state or provide an analysis of the facts of Torres-Ruiz or the instant case. This is most probably, because Torres-Ruiz is not analogous for several reasons and, accordingly does not compel this Court to grant the request for deposition by the material witness.

Counsel for the material witness fails to point out that Torres-Ruiz involved the detention of two (2) men from a larger group of twenty-seven (27) individuals for more than sixty (60) days. Id. The detention at issue in this case has not yet reached the sixty (60) days confronted by the Court in Torres-Ruiz. Accordingly, any purported hardship on their families, assuming any exists, is less severe than that in Torres-Ruiz.

1 Regardless, it is unclear how the material witness' current detention poses any hardship beyond that already created by his own deliberate choice to leave his home and family and illegally enter into the United States.

Additionally, the parties to Torres-Ruiz, including the defendant, expressed no opposition to claims by the material witness of hardship. Mr. Barsegian opposes any such claim in the instant matter. In fact, the declaration provided by the material witness attorney only states that the material witness' "incarceration has placed a great hardship on him" and that he has applied for asylum.  As stated above, it is extremely unclear how detention at this point in time presents any greater hardship upon the material witnesses than that created by his own conscious choice to illegally enter the United States. It is only now, after being implicated in the commission of a crime and agreeing to cooperate with the government by trading testimony for not being charged that this illegal alien material witness claim hardship. Accordingly, he should not now be able to complain of any purported hardship he initially created by breaking the laws of the United States. Regarding the asylum issue, according to the complaint the material witness has *already been denied asylum* and was deported prior to his being found in the United States. Therefore, that claim has already been adjudicated and not an issue in this case.

The witnesses in Torres-Ruiz also demonstrated that they were the sole support for their respective families in Mexico. This does not appear to be the case for the material witness in this case because nowhere in his motion does counsel for the material witness state or allege that he is the sole financial supporter of his children. Even if it did that position would hold no merit for the material witness' absence from his home and separation from his family would have no doubt continued since had he successfully made it to his ultimate destination within the United States. Once again, the declaration fails to mention that this is a situation that the material witnesses created by leaving his family behind to illegally enter the United States and commit the crime of illegal entry.  Therefore,  Torres-Ruiz is inapposite to the facts of the instant case.

Furthermore, while the government has not yet provided discovery concerning this illegal alien material witness and Defense Counsel is unaware if he has any prior convictions, apprehensions, or deportations, it is fairly certain, from their alleged actions, that this material witness knew it was illegal for him to enter the United States and that if caught there was a strong possibility that he would be caught, detained for a lengthy period of time, and prosecuted for his actions.

//

1    Finally, the motion submitted by counsel for the material witness appears to contain generalized, boilerplate assertions unsupported by law or facts in their request for release. The motion is less than four (4) pages, cites limited case law and other authority and fails to elicit any information that would lead anyone to believe that the material witness' continued detention would be a hardship. Such conclusory statements, not substantiated by any facts are clearly insufficient to defeat Mr. Barsegian's constitutional rights. The motion also fails to explain what, if any, efforts were undertaken to seek and secure sureties for the material witness. More crucially, the material witness asserts in his motion that there is nobody within the United States capable of posting his bond. This may not be accurate. It is assumed that the material witness, himself, informed government agents that he was going to pay someone for smuggling him illegally into the United States once he reached his ultimate destination. Otherwise, the government would probably have no interest in his testimony or cooperation and he would either be facing prosecuted for illegal entry or deportation proceedings to Armenian.

For these reasons, <u>Torres-Ruiz</u> does not compel this Court to order a deposition at this early stage of the proceedings especially in light of the material witness' resources to secure the bonds required.

**B.    Because Parts of Their Testimony Could Support a Defense, Release of the Material Witness Will Violate Mr. Barsegian's Sixth Amendment Right to Compulsory Process.**

Release of the material witness before trial will violate Mr. Barsegian's Sixth Amendment right to compulsory process. The Sixth Amendment states in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in her favor." U.S. Const. amend. VI. The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses, for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense." <u>Washington v. Texas</u>, 388 U.S. 14, 19 (1967).

Thus, the right to compulsory process offers a means by which defense witnesses are heard and marks a right to have the testimony of defense witnesses entered into evidence for the jury on a footing equal to the testimony of the prosecution witnesses. The Sixth Amendment contemplates a trial before a jury in

//

which the defendant has a right to confront adverse witnesses and a right to "compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI.

Applying these principles to the facts at hand, Mr. Barsegian seeks to retain all material witnesses on the grounds that certain parts of their testimony may support a defense. Mr. Barsegian could assert at trial. Thus, Mr. Barsegian constitutional right to compulsory process will be violated if the material witness is released and allowed to move outside the court's subpoena power before he provides favorable testimony at trial.[3] Indeed, the witness will be placing Mr. Barsegian at a disadvantage that triggers the "failure of justice" under § 3144.

Moreover, if a video-taped deposition of the material witness is shown to the jury, the testimony will not be on an "equal footing" with the prosecution's witnesses - the arresting agents. Aside from being a video-taped deposition, the material witness' prison uniforms take away from the credibility of their testimony and is highly prejudicial to Mr. Barsegian. In Estelle v. Williams, 425 U.S. 504-505, 96 S. Ct. 1691, 1693 (1976), the Court reasoned that where a defendant is forced to wear prison clothes when appearing before the jury, "the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment." Thus, the Court held that since no "essential state policy" is served by compelling a defendant to dress in this manner the practice is unconstitutional. Estelle, 424 U.S. at 505.

Accordingly, § 3144 mandates the "further detention" of the material witness. 18 U.S.C. § 3144. If the material witness is released, he will return to Armenia making it both financially and physically impossible for him to return to the United States for a trial. In the alternative, this Court could lower the material witness' bond so he can remain in the United States until the trial is over or the case is resolved.

//
//
//
//
//
//

---

[3] This is because the government will deport the witness after their release. Such action by the government will result in placing the witness beyond the subpoena power of this court

## III.

## **CONCLUSION**

For the foregoing reasons, Mr. Barsegian respectfully requests that this Court issue an order preventing the government from deporting the material witness or taking any other action that would materially interfere with Mr. Barsegian right to obtain the testimony of the material witnesses at trial.

Respectfully submitted,

/s/ Kris J. Kraus

Dated: May 29, 2008

**KRIS J. KRAUS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Barsegian