FILED

2008 JUN 17 AM 8:36

CLERK US [...]
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

## United States District Court

### Southern District of California

(Hon. Nita L. Stormes)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08CR1455BEN(NLS) |
| Plaintiff, ) | **Deposition Order For Material Witness** |
| v. ) | |
| ARA E. AVETYANTS, ASHOT BARSEGIAN, ) and ARSEN GRISHAI MOTIVOSYAN, ) | |
| Defendants. ) | |

Upon request of material witness Ara Hakobyan [the "material witness"], by and through his attorney, Ned Lynch, and good cause appearing:

### Order

1. The material witness shall be deposed on __June 27, 2008__, at __1:00__ a.m./(p.m), if the material witness is in custody on that date. The deposition will take place in the office of the United States Attorney, 880 Front Street, Fifth Floor, San Diego, California.

2. All parties, meaning the United States and the defendants, shall attend the material witness deposition. The arresting agency shall bring the material witness to the deposition. If, in custody, the defendant(s) shall be brought separately to the deposition and a marshal shall remain present during the proceeding.

3.   The United States Attorney's Office shall provide a videotape operator ("operator") and, if necessary, arrange for a court-certified interpreter to be present for the material witness. The cost of the interpreter for the material witness shall be borne by the United States Attorney's Office.

4.   If a defendant needs an interpreter other than the interpreter for the material witness (if any), then defense counsel shall arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendant shall be paid by the court.

5.   The United States Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony, serve as a notary and preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter shall be borne by the United States Attorney's Office.

6.   The deposition shall be recorded by videotape, meaning a magnetic tape that records sound as well as visual images. At the conclusion of the deposition, on the record, the witness or any party may elect to have the witness review the videotape record of the deposition to check for errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for making them, shall be stated in writing, signed by the witness, delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

7.   The operator shall select and supply all equipment required to videotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witness and assures clear reproduction of both the witness' testimony and the statements of counsel. The witness, or any party to the action, may object on the record to the manner in which the operator handles of any of these matters. Any objections shall be considered by the court in ruling on the admissibility of the videotape record. All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis for such objections.

8.   The deposition shall be recorded in a fair, impartial, and objective manner. The videotape equipment shall be focused on the witness; however, the operator may, when necessary or

1 appropriate, focus upon charts, photographs, exhibits, or like material being shown to the witness.

2     9.    Before examination of the witness begins, the Assistant U.S. Attorney shall state on the record his/her name; the date, time and place of the deposition; the name of the witness; the identity of the parties and the names of all persons present in the deposition room. The court reporter shall then swear the witness on the record. Prior to any counsel beginning an examination of the witness, that counsel shall identify himself/herself and his/her respective client on the record.

    10.    Once the deposition begins, the operator shall not stop the videotape recorder until the deposition concludes, except that, any party or the witness may request a brief recess, which request will be honored unless a party objects and specifies a good faith basis for the objection on the record. Each time the recording is stopped, the operator shall state on the record the time the recording stopped and the time it resumed. If the deposition requires the use of more than one tape, the operator shall sequentially identify on the record the end and beginning of each tape.

    11.    All objections both as to form and substance shall be recorded as if the objection had been overruled. The court shall rule on the objections at the appropriate time. The party raising the objection(s) shall prepare a transcript for the court to consider. All objections shall be deemed waived unless made during the deposition.

    12.    The party offering the deposition into evidence at trial shall provide the court with a transcript of the portions so offered.

    13.    Copies of all exhibits utilized during the videotaped deposition shall be attached to the videotape record.

    14.    At the conclusion of the deposition, any objection, including the basis, to release of the material witness from custody shall be stated on the record. If there is no objection, the attorney for the material witness shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witness", and submit the Order to the Clerk of Court for the judge's signature. Prior to release from custody the attorney for the government shall serve the material witness with a subpoena for the trial date and a travel fund advance letter.

    15.    The operator shall provide a copy of the videotape deposition to any party who requests a copy at that party's expense. After preparing the requested copies, if any, the operator

1  shall deliver the original videotape to the notary along with a certificate signed by the operator

2  attesting that the videotape is an accurate and complete record of the videotaped deposition. The

3  notary shall file the original tape and certification with the Clerk of Court in a sealed envelope marked

4  with the caption of the case, the name of the witness and date of the deposition.

5   16.   The notary shall file with the Clerk of Court in a sealed envelope the original

6  videotape, along with the any exhibits offered during the deposition. The sealed envelope shall be

7  marked with the caption of the case, the name of the witness, and the date of the deposition. To that

8  envelope, the notary shall attach the certificate of the operator. <u>If all counsel stipulate on the record,</u>

9  <u>the government may maintain the original videotape until production is ordered by the court or</u>

10 <u>requested by any party.</u>

11  17.   Unless waived by the parties, the notary shall give prompt notice to all parties of the

12 filing of the videotaped deposition with the court pursuant to Federal Rule Civil Procedure 30(f)(3).

13  18.   If any party objects on the record to the release of the material witness from custody,

14 the objecting party must request in writing a hearing on the issue before the federal judge who is

15 assigned the case or to such other district judge or magistrate judge as they may designate. <u>Notice</u>

16 <u>of the Request for Hearing must be served on all parties and filed with the Clerk of Court within</u>

17 <u>twenty-four (24) hours after the completion of the deposition, with a courtesy copy to chambers.</u> The

18 court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as

19 soon as reasonably practicable. At the hearing, the objecting party must establish to the court's

20 satisfaction an appropriate legal basis for the material witness to remain in custody. If, after the

21 hearing, the court orders the release of the material witness, the material witness attorney shall

22 immediately present the release order to the court for signature and filing. Before release of the

23 material witness, the government shall serve the material witness with a subpoena for the trial date

24 and a travel fund advance letter.

25  It Is So Ordered.

27  Dated: 6-13-08                              _____
                                                United States Magistrate Judge